| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |  |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kimberly J. Salomon, Esq.<br>ksalomon@formanlaw.com | Order Filed on July 18, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ROBERT F. CONKLIN, SR.,<br><br>Debtor. | Chapter:   7<br><br>Case No.: 21-12535 (VFP)<br><br>Judge: Hon. Vincent F. Papalia |

**ORDER (1) AUTHORIZING SALE OF REAL PROPERTY; (2) DIRECTING OCCUPANTS TO VACATE PROPERTY; (3) AUTHORIZING PAYMENT OF COMMISSION TO REAL ESTATE AGENTS; (4) AUTHORIZING PAYMENT TO QUICKEN LOANS ON ACCOUNT OF ITS SECURED CLAIM; AND (5) AUTHORIZING PAYMENT OF CO-OWNER'S INTEREST AND RELATED CLOSING COSTS**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby ORDERED.

**DATED: July 18, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

F0172509 - 1

Page 2
Debtor:     Robert F. Conklin, Sr.
Case No.:   21-12535 (VFP)
Caption:    Order (1) Authorizing Sale of Real Property; (2) Directing Occupants to Vacate Property; (3) Authorizing Payment of Commission to Real Estate Agents; (4) Authorizing Payment to Quicken Loans on Account of its Secured Claim; and (5) Authorizing Payment of Co-owner's Interest and Related Closing Costs

Upon consideration of the motion filed by Charles M. Forman, the chapter 7 trustee (the "Trustee") for the estate of Robert F. Conklin, Sr. (the "Debtor") for the entry of an order (1) authorizing the sale of real property free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f), (2) directing occupants to vacate property, (3) authorizing the payment of commissions to real estate agents, (4) authorizing payment to Quicken Loans on account of its secured claim, and (5) authorizing payment of co-owner's interest and related closing costs (the "Motion"); and the court having considered the Motion together with the Trustee's Application for an Order Shortening Time; and the Court having entered an Order Shortening Time Period for Notice, Setting Hearing and Modifying Notice [Doc. No. __]; and all creditors and parties-in-interest having received good and sufficient notice of the Motion and the proposed sale by the Trustee consistent with applicable Federal and Local Rules of Bankruptcy Procedure; and the Court having considered all responses and opposition to the Motion, if any; and based upon the record established during the course of this case and for the reasons set forth on the record during the hearing which was conducted by the Court on July__, 2022; and for good cause shown; it is hereby

ORDERED that:

1.      The Contract of Sale and Addendum to the Contract of Sale (collectively, the "Contract"), attached as Exhibit D to the Certification of Charles M. Forman submitted in support of the Trustee's Motion to sell 121 Athenia Avenue, Clifton, New Jersey (the

F0172509 - 1

| | |
|---|---|
| Page 3 | |
| Debtor: | Robert F. Conklin, Sr. |
| Case No.: | 21-12535 (VFP) |
| Caption: | Order (1) Authorizing Sale of Real Property; (2) Directing Occupants to Vacate Property; (3) Authorizing Payment of Commission to Real Estate Agents; (4) Authorizing Payment to Quicken Loans on Account of its Secured Claim; and (5) Authorizing Payment of Co-owner's Interest and Related Closing Costs |

"Property") to the purchasers, Carlos and Cristina Fernandez (the "Buyers"), are hereby approved.

  2. The terms and conditions of the proposed sale of the Property described in the Certification of Charles M. Forman and Memorandum of Law in support of the Motion, and in the Contract are approved in all respects. Pursuant to 11 U.S.C. §363(b), the Trustee is authorized, directed, and empowered to sell the Property to the Buyers pursuant to the Contract, and to take all further actions as reasonably may be required and that are consistent with this order for the purpose of effectuating the sale.

  3. The Trustee is authorized to sell both the estate's interest and the co-owner's interest in the Property pursuant to 11 U.S.C. §363(h).

  4. Pursuant to 11 U.S.C. §363(f), the Property shall be transferred to the Buyers free and clear of all interests, mortgages, liens, claims, judgments, encumbrances and charges of any kind or nature, with all such interests, mortgages, liens, claims, judgments, encumbrances and charges to attach to the proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have or as otherwise directed by the court.

  5. Except as set forth herein, the Property is sold "AS IS" and "WHERE IS" and shall remain subject to all recorded and enforceable easements, rights of way, permissive and restrictive covenants, and all outstanding code violations, if any.

  6. All persons and entities including, without limitation, any federal, state, or local government agent, department, or instrumentality, holding liens or claims against the Debtor

F0172509 - 1

| | |
|---|---|
| Page 4 | |
| Debtor: | Robert F. Conklin, Sr. |
| Case No.: | 21-12535 (VFP) |
| Caption: | Order (1) Authorizing Sale of Real Property; (2) Directing Occupants to Vacate Property; (3) Authorizing Payment of Commission to Real Estate Agents; (4) Authorizing Payment to Quicken Loans on Account of its Secured Claim; and (5) Authorizing Payment of Co-owner's Interest and Related Closing Costs |

arising on or before the closing date, or out of events occurring before the closing date, of any kind and nature with respect to the Property are barred from asserting such liens and claims of any kind and nature against the Property and the Buyers.

7. The Buyers are good faith purchasers for value entitled to the protections of 11 U.S.C. §363(m).

8. The secured claim asserted by Quicken Loans on account of its mortgage on the Property shall be paid from the proceeds of sale at closing, which payment shall be a full and final satisfaction of Quicken Loans' secured claim against the Property and the Debtor's estate, including any proofs of claim filed by Quicken Loans in this case.

9. In accordance with the Contract, the Trustee is authorized to pay Keller Williams Village Square Realty, real estate agent for the Trustee, a real estate commission of $10,250, which is 2.5% of the purchase price of $400,000 plus $250. The Trustee is also authorized to pay Coldwell Banker Realty, real estate agent for the Buyers, a real estate commission of $9,750, which is 2.5% of the purchase price less $250.

10. The Trustee be and hereby is authorized to pay all closing costs associated with the sale of the Property, including but not limited to property taxes and municipal charges, from the proceeds of sale at closing.

11. The Trustee is authorized to pay the Debtor's homestead exemption of $1,575 pursuant to 11 U.S.C. §522(d)(1) from the proceeds of sale at closing.

F0172509 - 1

Page 5
Debtor:     Robert F. Conklin, Sr.
Case No.:   21-12535 (VFP)
Caption:    Order (1) Authorizing Sale of Real Property; (2) Directing Occupants to Vacate Property; (3) Authorizing Payment of Commission to Real Estate Agents; (4) Authorizing Payment to Quicken Loans on Account of its Secured Claim; and (5) Authorizing Payment of Co-owner's Interest and Related Closing Costs

12.     The Trustee is authorized to pay Joyce Conklin the net proceeds of her co-owner's interest in the property pursuant to 11 U.S.C. §363(j), less any amounts to be deducted for unpaid mortgage, tax, insurance or maintenance payments pursuant to paragraph 6 of the *Consent Judgment Authorizing the Sale of the Estate's Interest and Co-Owner's Interest in Real Property Pursuant to 11 U.S.C §363(h) and for Related Relief*, entered in Adv. Pro. No. 21-1483 (VFP) [Doc. No. 7].

13.     The Debtor and Joyce Conklin are directed to vacate the Property, leave it in "broom clean" condition, and turn over the keys to the Property to the Trustee no later than July 22, 2022.

14.     The closing of sale for the Property shall take place on or before August 1, 2022, at a time and location to be determined by the parties. The parties may mutually agree in writing to extend the deadline to close the sale of the Property without further notice to creditors or order of the Court.

15.     The court retains exclusive jurisdiction to enforce and implement this Order and to resolve any disputes, controversies or claims arising out of or relating to this Order or the contract.

16.     All filing and recording officers are directed to accept, file, and record all instruments of transfer to be filed and recorded pursuant to and in accordance with this Order.

F0172509 - 1